FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 31, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN P., | No.2:18-CV-00232-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 12, 13. Attorney Lora Lee Stover represents Brian P. (Plaintiff); Special Assistant United States Attorney Heather L. Griffith represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on December 1, 2014, alleging disability since November 5, 2013,[1] due to mental health

---

[1] Plaintiff later amended his alleged onset date to December 1, 2014, the date of filing. Tr. 66.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

impairments. Tr. 139.  The application was denied initially and upon reconsideration.  Tr. 162-65, 169-71.  Administrative Law Judge (ALJ) Caroline Siderius held three hearings, on December 12, 2016, July 25, 2017, and August 16, 2017.  Tr. 63-97, 98-113, 114-138.  The ALJ issued an unfavorable decision on September 8, 2017.  Tr. 17-29.  Plaintiff requested review from the Appeals Council.  Tr. 284, 419-20.  The Appeals Council denied Plaintiff's request for review on June 3, 2018.  Tr. 1-7.  The ALJ's September 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on July 24, 2018.  ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1982 and was 32 years old as of the alleged onset date.  Tr. 28.  He has a 12th grade education.  Tr. 66.  His work history consists primarily of fast food service, telemarketing, and sales.  Tr. 132, 331, 343, 401-03.

Plaintiff experienced a difficult childhood.  Adopted at birth, his parents moved around throughout his childhood.  Tr. 657, 760.  He witnessed and was the victim of abuse at the hands of his father and other caretakers.  Tr. 444, 657-58, 770.  His parents divorced when he was ten years old.  Tr. 657.  At the age of 13, he joined a gang and was a witness and perpetrator of further violence.  Tr. 658, 751-52.

In his adult years, Plaintiff suffered a number of losses in a short period, including the deaths of both of his parents and his best friend.  Tr. 451, 489, 501, 517.  He had numerous felony convictions and domestic violence charges and spent time incarcerated.  Tr. 421, 457-58.

In late 2014 he began treatment with Frontier Behavioral Health.  Tr. 457.  After a few months of services, he was discharged from counseling, as he had met his treatment goals.  Tr. 528.  At the end of 2015, he reengaged with services and continued in treatment through May of 2017.  Tr. 521, 749.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant

from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 8, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2014, the application date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: anxiety with posttraumatic stress disorder, depressive disorder, and personality disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at all exertional levels, but that he had the following non-exertional limitations:

> He is limited to simple repetitive and routine tasks and occasional detailed work with no more than ordinary production requirements, and superficial and brief contact with the general public; no independent decision-making; no working in large crowds (defined as 10 or more people); and only brief occasional contact with coworkers and supervisors and would work best independently.

Tr. 21.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a survey worker, telephone solicitor, or fast food worker. Tr. 28.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy, including the jobs of field crop farm worker, kitchen helper, and small parts assembler. Tr. 28-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 1, 2014, the application date, through September 8, 2017, the day of the decision. Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom statements; and (2) improperly formulating the RFC.[2]

## DISCUSSION[3]

**1. Plaintiff's symptom statements**

---

[2] Though Plaintiff lists three issues in his statement of issues, ECF No. 12 at 9, issues (2) and (3) were briefed together under a single heading. ECF No. 12 at 13-14.

[3] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

Plaintiff alleges the ALJ should not have rejected his testimony regarding his functional limitations. ECF No. 12 at 11-13.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, she found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 22. Specifically, the ALJ found Plaintiff's testimony regarding his mental limitations to be unsupported by: (1) his lack of treatment for the bulk of the adjudication period; (2) his improvement upon engaging in treatment; (3) his caretaking of his young children and other household responsibilities; (4) the efficacy of his medication; (5) being unable to explain why he would not be able to maintain a job as a cleaner, given his regular cleaning of his home; (6) his consistent and active participation in treatment; and (7) three experts' testimony that Plaintiff was not disabled for 12 consecutive months. *Id.* The ALJ additionally found Plaintiff's allegations at the third hearing of limitations from headaches, vision disturbance, and medication side-effects to be unsupported by the lack of evidence of any severe physical or neurological impairment. *Id.*

Plaintiff does not specifically challenge any of the ALJ's stated reasons. ECF No. 12 at 11-13. Plaintiff alleges only that, because he has presented

evidence of his severe mental impairments, the ALJ should not have rejected his testimony.  Nonetheless, the court has considered all reasons offered by the ALJ on this subject, and finds that, even though not all of the factors relied on by the ALJ were relevant, the ALJ offered sufficient rationale to meet the clear and convincing standard.  An ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

Opinions from medical sources regarding diagnoses, prognoses, and other information regarding the limiting effects of an individual's symptoms is relevant evidence for an ALJ to consider in evaluating the reliability of a claimant's symptom statements.  *See* Social Security Ruling 16-3p.  In her evaluation of Plaintiff's subjective reports, the ALJ noted that three separate medical experts found there was no 12-month period of disability.  Tr. 22.  At the first hearing, Dr. Margaret Moore noted Plaintiff to be "a young man who is indeed capable of doing some kind of work."  Tr. 72.  She opined the primary limitation he would face would be in interacting with supervisors, and that certainly routine work was well within his abilities.  Tr. 73-74.  At the second hearing, Dr. Diana Cook testified Plaintiff's conditions did not meet or equal a listing and were not severe impairments.  Tr. 103.[4]  Dr. John Nance testified at the third hearing and gave similar testimony to Dr. Moore, finding Plaintiff's primary limitation would be needing supervision that was not terribly confrontational, and that he would do best working independently, but was otherwise able to obtain and maintain gainful

---

[4] Dr. Cook's testimony was somewhat unhelpful, as it appeared to conflate the question of listings and severe impairments.  Tr. 107-08.  Plaintiff's representative objected to the testimony, and the ALJ agreed the testimony had been "a waste of time," and scheduled another hearing with a different expert.  Tr. 111-12.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

employment. Tr. 120-21. Notably, Dr. Nance testified there was nothing in the record that indicated significant concerns with respect to Plaintiff's ability to maintain attendance or productivity. Tr. 123. This non-disabling testimony from multiple medical experts who reviewed the entire record was a relevant, clear and convincing factor for the ALJ to have considered in assessing the reliability of Plaintiff's symptom statements.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found Plaintiff's documented responsibilities with respect to caring for his children and tending to household chores and shopping were inconsistent with his reports of just isolating and doing nothing all day. Tr. 22. She also noted Plaintiff's ability to attend counseling and other group classes through Frontier Behavioral Health on a regular basis demonstrated his ability to leave his home. The ALJ's interpretation of the record is rational, particularly in noting the inconsistency with Plaintiff's allegation of extreme limitations.

The fact that a person suffering from mental impairments makes some improvement, or experiences a benefit from medication, "does not mean the person's impairments no longer seriously affect [his] ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). Without further analysis, the ALJ's reliance on the fact that Plaintiff saw some benefit from treatment and medication use does not render his symptoms testimony unreliable—improvement is not the same as the elimination of symptoms. However, the ALJ gave other clear and convincing reasons for discounting Plaintiff's statements. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533

F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

**2. RFC determination and step five findings**

Plaintiff argues the ALJ erred in formulating the RFC because she did not include all limitations that stem from Plaintiff's mental conditions. ECF No. 12 at 13-15. Specifically, he alleges that, had the ALJ included limitations to account for Plaintiff's difficulty leaving his home, she would have found Plaintiff disabled based on absenteeism. *Id.*

Plaintiff's argument relies on successfully showing the ALJ erred in her treatment of Plaintiff's symptom testimony. Notably, Plaintiff makes no allegation that the ALJ improperly rejected any medical opinion evidence stating Plaintiff would have difficulty maintaining regular attendance. ECF No. 12 at 13-15. Because the Court found that the ALJ did not harmfully err in her treatment of Plaintiff's symptom statements, Plaintiff's argument is without merit. The RFC is formulated based on all the relevant evidence in the case record, as required by the regulations. 20 C.F.R. § 416.945(a). The ALJ posed a complete hypothetical to the vocational expert including all limitations that were supported by substantial evidence. Tr. 132-33. Therefore, the ALJ did not err in finding there were jobs that existed in significant numbers that Plaintiff was capable of performing.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

///
///

1 | The District Court Executive is directed to file this Order and provide a copy
2 | to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant
3 | and the file shall be **CLOSED**.
4 | **IT IS SO ORDERED.**
5 | DATED May 31, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE